# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **GEORGE COPPLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-00692** |
| | ) | **Judge Aleta A. Trauger** |
| **SOUTHERN BANK OF TENNESSEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Plaintiff George Copple filed suit against defendant Southern Bank of Tennessee ("the Bank"), alleging violations of the federal Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d). (Doc. No. 1 ¶¶ 5, 10.) Now before the court is the Bank's Motion to Dismiss. (Doc. No. 9.) The plaintiff has filed a Response in opposition (Doc. No. 12), and the Bank filed a Reply (Doc. No. 13). For the reasons set forth herein, the Motion to Dismiss will be denied.

## I.    RULE 12(B)(6) STANDARD OF REVIEW

In resolving a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). While Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz*

*v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When presented with a Rule 12(b)(6) motion, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

## II. BACKGROUND

### A. The Complaint

Copple alleges that (1) he applied to the Bank for a loan to refinance his home mortgage by emailing a completed loan application to the Bank's Chief Loan Officer and Executive Vice President, Dan Ellis; (2) some third party told Ellis around the same time that Copple had recently been the victim of fraud and had been defrauded out of a large sum of money; (3) shortly thereafter, Ellis called Copple and told him that his loan application would be denied and that the Bank "would not go any further than this loan application," and Ellis then refused to provide any additional explanation for the decision; and (4) a few days later, the Bank mailed Copple a written Adverse Action Notice, stating that his loan application was being denied because the Bank did

"not grant credit under terms and conditions requested." (Doc. No. 1 ¶¶ 5–7, 9.) A copy of the Adverse Action Notice was filed as an exhibit to the Complaint. (Doc. No. 1-1.)

The plaintiff asserts that the Bank violated the ECOA by providing him with an Adverse Action Notice that was not sufficiently specific to satisfy the statutory requirement that the notice contain "specific reasons for the adverse action taken." (*Id.* ¶ 10 (citing 15 U.S.C. §1691(d)).) The Complaint also asserts that the Bank violated the ECOA by "attempting to rely on an oral reason given to Mr. Copple" during his telephone call with Ellis, "namely that Mr. Copple's having been recently defrauded in an unrelated incident was a sufficient ground for denying him credit." (*Id.* ¶ 11.) This claim is not actually supported by the factual allegations elsewhere in the Complaint, which do not indicate that Ellis told Copple that his having recently been defrauded of a large sum of money was the reason for denying his loan application. Instead, as set forth above, the Complaint expressly states that, in response to Copple's request for more information about why his application had been denied, "no actual reason was given." (Doc. No. 1 ¶ 7.) Nonetheless, broadly construed, the Complaint fairly gives rise to an inference that the actual reason for the denial of credit was that Copple had been the victim of fraud, that the Bank failed to disclose this reason as the basis for the denial of credit, and that it thus deprived the plaintiff of the opportunity to verify whether "being recently defrauded in an unrelated occurrence has been adopted by Defendant in writing as a ground for denying credit." (*Id.* ¶ 12.)

In the Complaint's prayer for relief, Copple seeks both "a money judgment for [the] damages incurred by [his] being rejected for credit" and equitable relief in the form of an order that his application for credit be approved at the interest rate in effect at the time of his application, as well as attorney's fees and costs and "such other and further relief to which [he] may be entitled." (*Id.* at 5.)

### B.   The Motion to Dismiss

In lieu of an answer, the defendant filed a Motion to Dismiss and supporting Memorandum (Doc. No. 10), arguing that (1) the Complaint fails to state a claim for discrimination in violation of the ECOA; (2) the Bank was not required to provide notice to the plaintiff under the ECOA based on the reason for its denial of the application; and (3) in any event, the notice provided satisfied the Bank's obligation under the ECOA. In his Response, Copple contends that the first argument is misplaced, because his Complaint does not assert a discrimination claim under 15 U.S.C. §1691(a), and a claim for violation of § 1691(d), the notice provision, does not require a plaintiff also to assert a discrimination claim. (Doc. No. 12, at 1–9.) Second, Copple argues that the Bank's contention that it was not required to provide any notice of the reason for denial of credit in this case relies upon facts not alleged in the Complaint, namely, the precise type of loan sought and the types of loans the Bank extends. And third, Copple insists that the notice given to him "was not informative or specific enough to fulfill [his] purpose of obtaining a mortgage loan" and that, more broadly, the Complaint satisfies Rule 8's requirement that it include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (Doc. No. 12, at 14, 16 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).)

## III.   ANALYSIS

"The ECOA exists to prevent discrimination by creditors against certain classes of credit applicants." *Dorton v. Kmart Corp.*, 229 F. Supp. 3d 612, 615 (E.D. Mich. 2017) (citing *Mays v. Buckeye Rural Elec. Coop.*, 277 F.3d 873, 876 (6th Cir. 2002); 15 U.S.C. § 1691(a)). Specifically, Section 1691(a) prohibits discrimination against credit applicants "on the basis of race, color, religion, national origin, sex or marital status, or age," because an applicant derives "all or part of

[his or her] income from any public assistance program," or for exercising rights protected by the ECOA. 15 U.S.C. § 1691(a).

As part of its scheme to create accountability for creditors' decisions, the ECOA imposes certain notice obligations on creditors when they take an "adverse action" against a credit applicant, which is typically a denial of credit. 15 U.S.C. § 1691(d)(6) (defining "adverse action" as, *inter alia*, "a denial or revocation of credit"); *id.* § 1691(d)(2) (general notice requirements). "'Aside from the obvious anti-discriminatory effects of this requirement,' disclosing the specific reasons for a creditor's adverse action serves the broader purpose of allowing applicants 'to learn where and how their credit status is deficient.'" *Carr v. Capital One Bank (USA) N.A.*, No. 1:21-CV-2300-AT-JKL, 2021 WL 8998918, at *3 (N.D. Ga. Dec. 8, 2021) (quoting *Kirk v. Kelley Buick of Atlanta, Inc.*, 336 F. Supp. 2d 1327, 1330 (N.D. Ga. 2004)). The anti-discrimination provision and the notice provision impose separate obligations upon creditors, and, as reviewing courts have uniformly agreed, a violation of the notice provision does not depend on a showing that the denial of credit was based impermissibly on discriminatory reasons. *Accord, e.g.*, *Williams v. MBNA Am. Bank, N.A.*, 538 F. Supp. 2d 1015, 1019 (E.D. Mich. 2008) ("[The] ECOA's notice provisions apply to all loan applicants, not only those who claim to have been denied credit due to discrimination." (collecting cases)). Thus, to state a claim for a violation of § 1691(d),

> a plaintiff must show (1) he qualifies as an applicant; (2) the defendant is a creditor; (3) the defendant took an adverse action against plaintiff with respect to his application for credit; and (4) the defendant failed to provide plaintiff with a statement of reasons for the action that complied with the ECOA.

*Carr v. Capital One Bank (USA) N.A.*, No. 1:21-CV-2300-AT-JKL, 2021 WL 8998918, at *3 (N.D. Ga. Dec. 8, 2021) (citing *Dorton*, 229 F. Supp. 3d at 621).

As an initial matter, regarding the defendant's first argument in support of its Motion to Dismiss, the fact that the Complaint makes no attempt to state a claim for discrimination in

violation of 15 U.S.C. § 1691(a) has no bearing on whether it states a claim based on a violation of § 1691(d). The Complaint in this case clearly alleges that the plaintiff is an "applicant" who applied for credit from the defendant Bank, a "creditor," and that his application was denied. The only matter at issue, for purposes of the Motion to Dismiss, is whether the Complaint adequately alleges that the defendant "failed to provide plaintiff with a statement of reasons for the action that complied with the ECOA." *Carr*, 2021 WL 8998918, at *3.

Regarding that question, the plaintiff is also correct that consideration of the Bank's assertions that it was not actually required under the ECOA to provide notice of an adverse action in this case at all, based on the type of loan requested and the reason for its denial of credit, would require the court to consider matters outside the pleading and that are neither "referred to in the Complaint [nor necessarily] central to the claims contained therein." *Bassett*, 528 F.3d at 430.[1] The defendant may well be correct that the plaintiff sought a thirty-year fixed rate mortgage from the Bank's commercial division and that its commercial loan division does not offer such terms. If the Bank is correct, then its denial of the loan application because it "does not offer the type of credit or credit plan requested," 12 C.F.R. 202.2(c)(2)(v), would not qualify as an adverse action under the ECOA, thus exempting it from the notice requirement. But the Bank will need to raise and support that argument in the context of a motion for summary judgment.[2]

The defendant's third argument gains somewhat greater traction and presents a very close call. The plaintiff's claim is premised upon his assertion that the written notice violated the ECOA,

---

[1] The defendant has not, for example, filed as an exhibit the plaintiff's loan application, which was referenced in the Complaint and likely could have been considered without converting the motion to dismiss into a motion for summary judgment.

[2] The Bank's assertion that its "commercial loan division" does not extend this type of loan begs the question of whether its consumer loan division does so, as the Adverse Action Notice references the plaintiff's "Application for Consumer Installment loan." (Doc. No. 1-1.)

because "[n]o specific reasons for the denial of credit were given." (Doc. No. 1 ¶ 10.) The reason given in the Adverse Action Notice is: "We do not grant credit under terms and conditions requested." (Doc. No. 1-1.)[3]

Section 1691(d) of the ECOA requires that a creditor notify an applicant of the creditor's decision on an application for credit within thirty days after receipt of a completed application. 15 U.S.C. § 1691(d)(1). As relevant here, if the decision is adverse to the applicant, the notice

> shall be in writing and shall contain a statement of the action taken; the name and address of the creditor; a statement of the provisions of [15 U.S.C. § 1691(a)(1)]; the name and address of the Federal agency that administers compliance with respect to the creditor; and . . .
>
> (i) A statement of specific reasons for the action taken . . . .

12 C.F.R. § 1002.9(a)(2). The regulations require that the "statement of reasons" be "specific and indicate the principal reason(s) for the adverse action." *Id.* § 1002.9(b)(2). In addition, "[s]tatements that the adverse action was based on the creditor's internal standards or policies . . . are insufficient." *Id.*

It is well established that the ECOA "does not require a creditor to provide much detail about the reasons underlying an adverse action." *Id.* at *8. Nonetheless, in this case, the reference to the Bank's own policy—"We do not grant credit under terms and conditions requested."— without specifying what that policy is or why it applied, appears on its face to contravene § 1002.9(b)(2). In addition, very broadly construed, the Complaint appears also to be alleging that the real, unstated reason for the denial of credit was that the plaintiff had recently been the victim of fraud. By purportedly not providing the real reason for its action, the Bank deprived the plaintiff

---

[3] The plaintiff also argues at great length that his claim satisfies Rule 8's "short and plain statement" requirement, but he entirely ignores the Supreme Court's holdings in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the Sixth Circuit's subsequent applications of those holdings.

of the opportunity to challenge it or to explain why his having been defrauded would not affect his creditworthiness. The court finds that the Complaint, just barely, states a claim based on the allegation that the notice of the reason for the denial of credit did not comply with 15 U.S.C. § 1291(d) and 12 C.F.R. § 1002.9(b)(2) and based on the implication that the reason given was not the real reason.

One final matter, not raised by either party, bears mention here. In *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), the Supreme Court reiterated that, for a plaintiff to establish an "injury in fact" as required for constitutional standing to bring a claim and to confer subject matter jurisdiction on the court, the plaintiff must show that he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 338 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 341. Thus, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.*

"An 'informational injury' is a type of intangible injury that can constitute an Article III injury in fact." *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 345 (4th Cir. 2017) (citing *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 24 (1998)). However, a statutory violation alone does not create a concrete informational injury sufficient to support standing. *See Spokeo*, 578 U.S. at 341. Rather, a constitutionally cognizable informational injury requires that a person lack access to information to which he is legally entitled and that the denial of that information creates a "real" harm with an adverse effect. *Id.* at 340.

At least one federal appellate court has affirmed the dismissal of an ECOA claim premised upon a violation of § 1291(d) for lack of standing, finding that the plaintiffs "did not suffer an

9

information injury as contemplated by Congress" and that their "claim amounts to an allegation of a bare procedural violation of the ECOA in which they suffered no concrete injury," particularly because they ultimately were able to pay cash to purchase the boat they were attempting to finance, "thus further demonstrating that they suffered no real world harm." *Trapp v. SunTrust Bank*, 699 F. App'x 144, 145–56 (4th Cir. 2017). The Sixth Circuit, however, has more recently reversed the dismissal of a complaint asserting a claim under § 1291(d), finding the denial of the plaintiff's loan application as a result of the creditor defendant's violation of the ECOA was sufficient to give rise to the "concrete injury" required by *Spokeo*. *Fillinger v. Third Fed. Savings & Loan Ass'n*, No. 21-3088, 2021 WL 6200498, at *2 (6th Cir. Nov. 16, 2021).

In light of *Fillinger*, this court likewise finds that Copple's allegations that he was denied credit and suffered monetary damages in connection with the purported § 1291(d) violation are sufficient to establish standing, for purposes of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons set forth herein, the Motion to Dismiss will be denied. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge